<u>NOT FOR PUBLICATION</u>                                    [Docket No. 7]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

_____     :
                                :
TOMICA S. MORALES,              :
                                :
            Plaintiff,          :   Civil No. 05-2549 (RMB)
                                :
      v.                        :   **OPINION**
                                :
TRANS UNION LLC,                :
                                :
            Defendant.          :
_____     :


APPEARANCES:

Tomica S. Morales
1214 Chelsea Court
Voorhees, NJ 08043
        <u>Pro</u> <u>Se</u> Plaintiff

Timothy P. Creech
Kogan, Trichon & Wertheimer, P.C.
1818 Market Street
30th Floor
Philadelphia, PA 19103
        Attorneys for Defendant

BUMB, United States District Judge:

  This matter comes before the Court on motion by Defendant Trans Union LLC ("Defendant") for dismissal of the above captioned matter for failure to prosecute.  For the reasons set forth below, Defendant's motion will be granted.

1

**Introduction:**

Plaintiff commenced a civil action against Defendant by filing a Summons and Complaint in the Superior Court of New Jersey, Camden County - Docket No. L2771 05, on or about March 30, 2005. In her Complaint, Plaintiff asserted that Defendant "fraudulently failed to remove fraudulent accounts and inquiries from [her] credit report." [Pls.' Complaint at 2]. Defendant removed the matter to this Court on May 16, 2005 because Plaintiff had alleged a violation of the Fair Credit Reporting Act, 15 U.S.C. 1681 et seq. ("FCRA").

The Court ordered that an initial conference in this matter take place on July 20, 2005; Plaintiff failed to appear. On June 12, 2006, this Court ordered Plaintiff to respond to Defendant's written discovery within 15 days of the Order and further stated that if Plaintiff did not comply, she may face sanctions including dismissal of the action with prejudice. Plaintiff did not comply with the Order.

On August 1, 2006, Defendant made the instant motion to dismiss this action with prejudice for Plaintiff's failure to prosecute. In its papers in support of the motion, Defendant notes both Plaintiff's failure to comply with this Court's Orders and Plaintiff's failure to respond to letters sent by Defendant requesting discovery.

**Discussion:**

Federal Rule of Civil Procedure 41(b) provides that involuntary dismissal is appropriate "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of the court[.]" In determining whether dismissal pursuant to this rule is warranted, courts consider six factors: 1) the extent of the party's responsibility; 2) the prejudice to the adversary caused by the party's actions or inactions; 3) a history of dilatoriness; 4) whether the misconduct of the party was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal; and 6) the meritoriousness of the claim or defense.  <u>Poulis v. State farm Fire and Cas. Co.</u>, 77 F.2d 863, 868 (3d Cir. 1984); <u>Melvin v. Astbury et al.</u>, 2006 U.S. Dist. LEXIS 26707 at * 6 (D.N.J. April 21, 2006).

Considering each of these factors, it is clear that dismissal pursuant to Rule 41(b) is warranted.  Because Plaintiff is <u>pro se</u> and the failure to comply with this Court's Orders cannot be blamed on counsel, her personal responsibility is established.  <u>See</u> <u>Melvin</u> 2006 U.S. Dist. LEXIS at *7.  Even though a court will often be more lenient with <u>pro se</u> litigants, "if a <u>pro se</u> plaintiff has been provided with ample opportunity and information to respond to a motion, but nevertheless has continually disregarded [her] obligations as a litigant, it is

3

not beyond the discretion of the court to dismiss [the] claim." Id. at *6 (citing Padro v. Heffelfinger, 110 F.R.D. 333, 335-36 (E.D. Pa. 1986)).  Additionally, Defendant has been prejudiced by Plaintiff's inaction; they have been unable to engage in discovery or move forward with this matter.

With regard to the third factor, Plaintiff's history of dilatoriness is clear from the record in this case; Plaintiff has not responded to letters from Defendant requesting discovery and has not complied with this Court's Orders.  While it is not clear from the record that Plaintiff has acted in bad faith, Defendants assert that the fourth factor is satisfied as Plaintiff has filed a second lawsuit in Camden County in this matter in order to avoid this Court's jurisdiction.  Even if Plaintiff has not acted in bad faith, it is clear that she has willfully ignored the Orders of this Court.

Alternative sanctions would not be effective in light of the history of this matter.  Plaintiff has been given ample opportunity to comply with Defendant's discovery requests and was clearly warned in this Court's June 12, 2006 Order that failure to comply could result in the dismissal of this action with prejudice.  In light of this history, this Court concludes that lesser measures would be ineffective.  See id. at *8 (finding that lesser measures, such as compelling discovery or giving Plaintiff further opportunities to appear would be ineffective in

4

light of the Court's efforts to contact Plaintiff and avoid dismissing the action).

Finally, the Court holds that the sixth factor in this matter is neutral and not dispositive given that there has been no discovery in this matter.

**Conclusion:**

Therefore, on balance, the factors weight heavily in favor of granting Defendant's motion to dismiss this action with prejudice.

An accompanying Order will issue today.


Dated: <u>August 23, 2006</u>                    s/Renée Marie Bumb
                                                 RENÉE MARIE BUMB
                                                 United States District Judge